STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Ben Kernan    }
                                }
                                }  Docket No. 121-6-00 Vtec
                                }
                                }

## Decision and Order on Appellee-Applicant's Post-Decision Submission and on Appellant's Motion to Alter or Amend

Appellant is represented by Carl H. Lisman, Esq. and Christina A. Jensen, Esq.; Interested Person Jack Long, Esq. appeared and represented himself; Appellee-Applicant is represented by Gordon C. Gebauer, Esq.; the City of Burlington is represented by Kimberlee J. Sturtevant, Esq.

This Court's August 20, 2001 Order approved Appellee-Applicant's application on the project plans as submitted in evidence, with the following conditions:

1. Appellee-Applicant shall ensure that the materials used for the greenhouse or any other rooftop windows will not create obtrusive glare within the view from either direction.

2. Appellee-Applicant shall reduce the roofline extensions presented by the roof and cupolas above the black box theater and by the square gable end extensions above the cinema theater, to the minimum necessary to accomplish the design needs of the project in making the building segments distinct from one another and compatible with the City's nineteenth-century vernacular architecture, in achieving design excellence, and in concealing necessary mechanical structures within the roof.

Mr. Long and Appellant each moved to alter or amend the judgment. Appellee-Applicant submitted the specifications for the reflectivity of the materials addressed in paragraph 1 above, and submitted the reductions in roofline extensions presented by the roof and cupolas above the black box theater and by the square gable end extensions above the cinema theater. Appellee-Applicant also submitted the architect's affidavit that these reductions are the minimum necessary to accomplish the design needs of the project in making the building segments distinct from one another and compatible with the City's nineteenth-century vernacular architecture, in achieving design excellence, and in concealing necessary mechanical structures[1] within the roof.

Mr. Long's and Appellant's motions to alter or amend are DENIED. The Court fully considered all the evidence and concluded that the project achieves design excellence, as well as meeting the other requirements of the ordinance. In the Decision and Order, the Court declined to add the southernmost roof to those which must be reduced, based upon the evidence as to the proposed

height, location and shape of each roof segment; it remains unnecessary, based on the evidence, to add the southernmost roof segment to that portion of the order.

Appellee-Applicants also request that the Court enter a further final order in this matter. The Court has already approved the application in a final order in its August 20, 2001 Decision and Order. The conditions imposed by the order are simply permit conditions like any other permit conditions. Normally, it is the municipal zoning and planning department or municipal board which must determine in the first instance whether a permittee has met the conditions of an approved permit, just as if it had been that board which had imposed the conditions on the permit in the first place. The Court does not ordinarily retain continuing supervisory jurisdiction of a project, although from time to time parties do return to Court for enforcement of a final order. Accordingly, the August 20, 2001 order was and remains the final order in this matter. That is, Appellee-Applicants' submittals appear to show that the conditions of that order will be met by the plan revisions, but those submittals are not required to be submitted for a further ruling by this Court. However, for the purposes of achieving closure, if a further final order is required, it is hereby issued, concluding this matter in this Court.

Dated at Barre, Vermont, this 7th day of November, 2001.


_____
Merideth Wright
Environmental Judge


**Footnotes**

[1.]    Again without showing what mechanical structures are located within the roof; see footnote 10 of the August 20, 2001 decision.